IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAURA L. WRIGHT, | ) | CV. NO. 5:13-CV-449-DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN McHUGH, Secretary, | ) | |
| Department of the Army, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO AMEND
ANSWER AS MOOT

Before the Court is a Motion for Leave to Amend Answer filed by Defendant John McHugh, Secretary, Department of Army ("Defendant"). ("Mot.," Dkt. # 16.) Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the memoranda supporting and opposing Defendant's Motion, the Court **DENIES** Defendant's Motion **AS MOOT**.

BACKGROUND

On May 28, 2013, Plaintiff Laura L. Wright ("Plaintiff") filed the instant action for recovery pursuant to Title VII of the Civil Rights Act of 1964

("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA").  ("Compl.," Dkt. # 1.)  Plaintiff claims that Defendant engaged in unlawful discrimination by subjecting her to harassment, hostile work environment, and retaliation on the basis of her age, disability (Attention Deficient and Hyperactivity Disorder), and sex (female).  (Id. ¶ 8.)

Plaintiff is a former civilian veterinarian for the Department of the Army at Fort Sam Houston in the Army's Anesthesia Support team, Animal Medicine Branch.  (Id. ¶ 6.)  Over the course of several months, Plaintiff was counseled by her supervisor, Dr. Kristen Rohde, D.V.M., regarding several of Plaintiff's behaviors that Dr. Rohde deemed inappropriate for the workplace.[1]  (Id. ¶ 12.)   Nevertheless, Plaintiff's behaviors persisted.

On March 26, 2010, Dr. Rohde issued Plaintiff a letter of termination effective April 2, 2010.  (Id. ¶ 27.)  On March 30, 2010, Plaintiff contacted Equal Employment Opportunity ("EEO") Counselor Ernest Ytuarte to allege that her receipt of a termination letter was retaliation for her request for a reasonable accommodation and to allege that she was subjected to discrimination on the basis

---

[1] Plaintiff's allegedly inappropriate behaviors included: eavesdropping, interrupting conversations, overreacting and misinterpreting overheard conversations, barging into other employees' cubicles to talk and interrupting their work without consent, discussing matter related to the Army's mission with superiors not in Plaintiff's chain-of-command and with strangers.  (Compl. ¶ 12.)

of her age, disability, and sex.  (Dkt. # 3, Ex. 1 ¶ 5.)  Ytuarte conducted her intake counseling on April 1, 2010.  (Id.)  On April 29, 2010, Ytuarte provided Plaintiff a Notice of Right to File a Formal Complaint.  (Id.)  The Notice advised Plaintiff that she had fifteen days from receipt of the notice to file her complaint.  (Id.)  Plaintiff's counsel, Lorenzo Tijerina, acknowledged receipt of the notice on April 29, 2010 by email.  (Id.)  However, Plaintiff did not file a Complaint within the fifteen-day time period, and Ytuarte closed the docket.  (Id.)

On May 13, 2010, Plaintiff was issued a second termination letter.  (Compl. ¶ 30.)  The second letter advised that Plaintiff's effective termination date was changed to May 13, 2010 because Plaintiff would receive disability payments from March 26, 2010 to May 13, 2010, as a result of Plaintiff's respiratory illness and post-traumatic stress disorder arising from her prior employment at the United States Department of Agriculture.  (Id.)

On June 14, 2010, Plaintiff again contacted EEO Counselor Ytuarte alleging reprisal from the second termination letter.  (Dkt. # 3, Ex. 1 ¶ 6.)  Plaintiff also alleged her previous complaints of hostile work environment and discrimination on the basis of her age, disability, and sex, and denial of a reasonable accommodation.  (Id.)  Ytuarte issued Plaintiff another Notice of Right to File a Complaint of Discrimination on July 13, 2010.  (See Dkt. # 3, Ex. 1-C at 1.)  In a later letter to Plaintiff's counsel dated November 3, 2010, Ytuarte

explained that the second Notice did not include Plaintiff's complaints of age, disability, and sex discrimination because those claims were identical to earlier claims that had expired because Plaintiff had failed to comply with the fifteen-day filing requirement:

> Paragraph (b) (1-20) [describing the alleged harassment] is dismissed in accordance with the referenced provisions of 29 Code of Federal Regulations (CFR) 1614.107(a)(2), which states that a complaint that fails to comply with the applicable time limits specified in 1614.105 and 1614.106 may be dismissed.  29 C.F.R. 1614.106(b) states that a formal complaint of discrimination must be filed within 15 calendar days from receipt of the "Notice of Right to File" which gives the complainant notice of his/her right to file a formal complaint. <u>You/your client made previous contacts with the EEO office, specifically 30 March 2014, subsequently, you/your client received a Notice of Right to File on 29 April 2010 via email and acknowledged receipt of such; and did not pursue an EEO complaint within the required timeframe</u>.  To allege discrimination and continuous harassment for the time period in question prior to 29 April 2010 would be untimely filed as you/your client had the opportunity to pursue this claim during her previous contacts with the EEO office.

(<u>Id.</u> at 3 (emphasis added).)

However, Ytuarte advised that he did accept Plaintiff's reprisal claims because the previous complaint concerned a letter of termination dated March 26, 2010, which had subsequently been rescinded.  (<u>Id.</u>)  According to Ytuarte, the new complaint of reprisal was based on the second termination letter issued May 13, 2010, and therefore was a "new claim" that was timely filed.  (<u>Id.</u>) Ytuarte stated that his November 3, 2010 letter operated as a "partial dismissal" of

Plaintiff's complaint and that "[i]f [Plaintiff] believe[d] the claims in this complaint ha[d] not been correctly identified, please notify [Ytuarte], in writing, within <u>five (5) calendar days</u> after you receive this letter, and specify why you believe the claims have not been correctly identified." (<u>Id.</u>)

On July 27, 2010, Plaintiff filed a formal complaint of discrimination and reprisal with the Department of Army. (Compl. ¶ 31.) On February 2, 2011, the Department conducted a formal investigation and fact-finding conference. (<u>Id.</u>) The investigator did not find that Plaintiff was subject to discrimination or reprisal. (<u>Id.</u>)

In May 2011, Plaintiff filed charges against Defendant with the Equal Employment Opportunity Commission ("EEOC"). (<u>Id.</u> ¶ 32.) Plaintiff requested a formal hearing and investigation. (<u>Id.</u>) Nearly two years later, on April 24, 2013, the administrative law judge assigned to the case issued an order setting a hearing on April 30, 2013. (<u>Id.</u> ¶ 35.) On April 25, 2013, Plaintiff informed the administrative law judge that because the EEOC had not issued a final decision within 180 days, Plaintiff intended to pursue her claims in federal court and therefore withdrew her complaint with the EEOC. (<u>Id.</u> ¶¶ 36–38; <u>id.</u>, Ex. 1 at 2.)

About a month later on May 28, 2013, Plaintiff filed suit in federal court. (Dkt. # 1.) Defendant subsequently moved to dismiss Plaintiff's hostile work environment and reasonable accommodation claims based on Plaintiff's lack

5

of timely filing an EEO complaint.  (Dkt. # 3.)  Plaintiff did not file a response. On January 17, 2014, the Court held a hearing on Defendant's Motion to Dismiss. That same day, the Court issued an Order granting Defendant's Motion.  ("Order," Dkt. # 13.)

In its Order, the Court held that the relevant limitations period for Plaintiffs' hostile work environment and reasonable accommodation claims began at the time of the allegedly discriminatory act.  (Id. at 14 (citing Christopher v. Mobil Oil Corp., 950 F.2d 1209, 1217 n.2d (5th Cir. 1992)).)  Relying on Phillips v. Leggett & Platt, Inc., 658 F.3d 452, 456 (5th Cir. 2011) and McAleer v. Prudential Insurance Company of America, 928 F. Supp. 2d 280 (D. Mass. 2013), the Court concluded that Plaintiff's timely filing deadlines applicable to her discrimination claims began to accrue when she was unequivocally notified of her termination on March 26, 2010, because that event was the allegedly discriminatory act.  (Id. at 18.)  Given that Plaintiff had failed to file a formal complaint within the requisite fifteen-day time period after receiving her a Notice of Right to File a Complaint of Discrimination as prescribed by 29 C.F.R. § 1614.106(b), the Court dismissed Plaintiff's hostile work environment and reasonable accommodation claims for failure to exhaust administrative remedies. (Id. at 19.)

Although not addressed by either party, the Court also held that the second termination letter did not revive her untimely filed claims. (Id. (citing McAller, 928 F. Supp. 2d at 285 ("[T]he fact that the final consequences of that decision came later does not change when [Plaintiff] learned of the [termination] decision.").) The Court concluded, "Plaintiff was unequivocally notified of her termination on March 26, 2010; thus, as of that date, Plaintiff was required to abide by the EEO's filing deadlines. The second termination letter does not resurrect Plaintiff's untimely filed discrimination claims to afford Plaintiff another bite at the administrative-exhaustion apple." (Id.)[2]

On January 31, 2014, Defendant filed the instant Motion for Leave to Amend, requesting that it be allowed to amend its Answer to include the fifteen-day-filing requirement as an affirmative defense. Plaintiff filed a Response, arguing that she timely filed her EEO complaint within the requisite fifteen days after her second termination letter and that Defendant's Motion for Leave to Amend was filed past the Scheduling Order deadline. ("Resp.," Dkt. # 17.) On February 21, 2014, Plaintiff filed another Response, withdrawing her objection to the timeliness of Defendant's Motion and conceding that Defendant filed the

---

[2] Although the Court dismissed Plaintiff's hostile work environment and reasonable accommodation claims, the Court noted that Plaintiff's reprisal termination claim based on the second termination letter was not dismissed. (Id. at 23.)

7

Motion within the Court's Scheduling Order deadlines for such amendments. (Dkt. # 19.) However, Plaintiff maintained that she timely filed her EEO Complaint because the fifteen-day timeframe started running on the day Plaintiff was terminated, not the day she was notified of her termination. (Id.)

DISCUSSION

Defendant seeks leave to amend his Answer to include the following affirmative defense:

> 9. Plaintiff's wrongful termination claim is untimely, and should be dismissed for failure to exhaust administrative remedies. Plaintiff received unequivocal notice of her proposed removal on March 26, 2010, and after initially contacting an EEO Counselor regarding the proposed removal, she failed to timely file a formal administrative complaint of discrimination within 15 days of the Notice of Right to File a Complaint of Discrimination. The second termination letter did not alter the required time limits for filing a discrimination claim. See, e.g., Phillips v. Legget & Platt, Inc., 658 F.3d 452, 456 (5th Cir. 2011); McAleer v. Prudential Ins. Co. of America, 928 F. Supp. 2d 280, 284–85 (D. Mass 2013).

(Dkt. # 16 ¶ 2.) He asserts that his Motion for Leave should be granted because none of the Southmark factors, which include (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) undue prejudice to opposing party, and (4) futility of amendment, are implicated. (Id. ¶¶ 5–6 (citing In re Southmark Corp., 88 F.3d 311, 314–15 (5th Cir. 1996)).) Specifically, Defendant contends that he timely filed his Motion for Leave to Amend within the Court's scheduling order deadline, he is not engaging in bad faith because he "simply seeks a

8

determination on the merits of whether or not Plaintiff's wrongful termination claim was properly exhausted," Plaintiff would not be prejudiced because there is ample time to conduct additional discovery, and the amendment is not futile because the Court's order suggested the validity of such a defense.  (Id.)

Plaintiff counters that the amendment is futile because it "will fail in its entirety."  (Resp. ¶ 4.)  Plaintiff contends that Defendant is erroneously calculating "the applicable time periods from March 26, 2010, the date of notice of her discharge when the applicable date is the effective date of her discharge April 2, 2010."  (Id.)  Plaintiff also argues that Defendant's proposed amendment will prejudice her because she will have to take three additional depositions of Department of Army employees.  (Id. ¶ 8.)

First, Defendant's Motion for Leave to Amend his Answer to assert an affirmative defense of administrative exhaustion is unnecessary because other than the reprisal claim for the second termination letter, Plaintiff's claims have already been dismissed on the grounds of administrative exhaustion. (See Order at 19 ("Failure to abide by these carefully outlined time limits warrants dismissal for failure to adhere to adhere to the administrative exhaustion requirements."); see also id. at 23 ("[T]he Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's hostile work environment and reasonable accommodation claims.").)  It makes little sense to amend an answer to assert a defense for claims that no longer exist.

See generally HSBC Bank Nevada, N.A. v. Murungi, CIV.A. 10-1527, 2010 WL 3170736, at *2 (E.D. La. Aug. 11, 2010) ("If Plaintiff's claims are dismissed for failing to state a cause of action, then the need to file an answer is moot.").

Moreover, Defendant's Motion ostensibly seeks leave to amend to assert an affirmative defense for Plaintiff's "wrongful termination" claim. However, Plaintiff did not state a claim for "wrongful termination" in her Complaint. Rather, her Complaint only provides causes of action under Title VII, the ADEA, and the ADA:

> This action is brought under the jurisdiction of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. for employment discrimination and reprisal based on sex; age and disability, including violations of The Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (ADEA); and The Americans with Disabilities Act 42 U.S.C. § 12102 et seq. (ADA).

(Compl. ¶ 1.) Because Plaintiff's Complaint is devoid of any reference to a "wrongful termination" claim, Defendant's Motion to Amend his Answer to assert an affirmative defense to Plaintiff's "wrongful termination" claim is moot.

Second, even if Defendant's Motion was not moot, Plaintiff's futility argument in her Response is meritless. The Court's previous Order—filed less than a month before Plaintiff's Response—went to great lengths to reject Plaintiff's instant effective-date-of-discharge theory. While Plaintiff now

10

belatedly[3] argues that the date for timely filing is April 2, 2010 (the effective date of her discharge), the Court's Order explained in great detail that the commencement of the limitations period for purposes of administrative exhaustion begins when an employee knows or reasonably should know that an adverse employment decision has been made—not when the final consequences of that decision manifest.  (See Order at 15–16 (relying on the Fifth Circuit's decision in Phillips to hold that the timely filing requirements begin on "the date of the notice of termination, rather than the final date of employment").)  As such, Plaintiff's current effective-date-of-discharge argument fails for the reasons the Court expressly outlined in its Order.  (See id. at 13–19.)

        Even entertaining Plaintiff's effective-date theory, Plaintiff still fails to show how Defendant's proposed Amended Answer asserting a timeliness defense would be futile.  According to Plaintiff, her claim was filed timely because the time began running on the effective-date of discharge: April 2, 2010.  (Resp. ¶ 4.)  However, even if this Court adopted Plaintiff's effective-date-of-discharge theory, her claims would still be barred because she failed to file within fifteen days after receiving the first Notice of Right to File a Formal Complaint on April

---

[3] The Court reminds that Plaintiff did not respond to Defendant's Motion to Dismiss.

29, 2010.  Plaintiff's effective-date theory does not change the fact that she failed to timely exhaust her claims.

Additionally, the Court is also concerned by Plaintiff's argument that she will be prejudiced by Defendant's proposed amendment.  Although Plaintiff avers that she will have to take three additional depositions of Department of Army employees, the Court fails to discern any prejudice because the discovery deadline of June 13, 2014 has not lapsed.  (See Scheduling Order, Dkt. # 10.)  At the time of filing her Response, the deadline was approximately five months away, which was more than enough time to conduct any necessary depositions.  Even if the Court granted Defendant's Motion, Plaintiff would not suffer prejudice.

## CONCLUSION

For the aforementioned reasons, the Court **DENIES AS MOOT** Defendant's Motion for Leave to Amend Answer (Dkt. # 16).

**IT IS SO ORDERED.**

**DATED**: San Antonio, Texas, April 30, 2014.

_____
David Alan Ezra
Senior United States Distict Judge